# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 21-221V

|  |  |
|---|---|
| ODETTE DIPIETRO,<br><br>               Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: November 13, 2025 |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Julia Marter Collison, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On January 7, 2021, Odette DiPietro filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") following an influenza vaccine administered on October 16, 2019. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 16, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation for a SIRVA. On November 6, 2025, Respondent filed a proffer on award of compensation indicating Petitioner should be awarded $55,000.00 for pain and suffering and $2,834.94 to satisfy a Medicaid lien to the state of Florida. Respondent's

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Proffer on Award of Compensation ("Proffer") at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.*

Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the Proffer, **I award the following compensation:**

A. **A lump sum of $55,000.00, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner; and**

B. **A lump sum of $2,834.94, representing compensation for satisfaction of the State of Florida Medicaid lien payable jointly to Petitioner and to:**

**Optum**
**PO Box 182643**
**Columbus, OH 43218-2643**
**Tax ID: 41-1858498**

**Petitioner agrees to endorse this payment to Optum.**

This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

ODETTE DIPIETRO

Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

Respondent.

No. 21-221V
Chief Special Master Corcoran
ECF

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On January 7, 2021, Odette DiPietro ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act. *See* 42 U.S.C. §§ 300aa-1 to -34, as amended ("Vaccine Act"). Petitioner alleges that she suffered from a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table ("Table"), following the administration of the influenza ("flu") vaccine on October 16, 2019. 42 C.F.R. § 100.3(a)(XIV)(B); Petition at 1. On September 16, 2025, the Chief Special Master issued a Ruling on Entitlement finding that petitioner is entitled to compensation under the terms of the Act for a SIRVA Table injury.[1] ECF No. 41.

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Chief Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's September 16, 2025, Ruling on Entitlement.

## I. Items of Compensation

### A. Pain and Suffering

Based on the evidence of record, respondent proffers that petitioner should be awarded **$55,000.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

### B. Medicaid Lien

Respondent further proffers that petitioner, Odette DiPietro, should be awarded funds to satisfy, in full, the State of Florida Medicaid lien in the amount of **$2,834.94**, which represents satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Florida may have against any individual as a result of any Medicaid payments the State of Florida has made to or on behalf of Odette DiPietro from the date of her eligibility for benefits through the date of judgment in this case as a result of her vaccine-related injury, under Title XIX of the Social Security Act.

These amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II. Form of the Award

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through two lump sum payments as described below, and requests that the Chief Special Master's damages decision and the Court's judgment award the following:[2]

### A. Petitioner's Damages

A lump sum payment of **$55,000.00** for pain and suffering to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Odette DiPietro;

---

[2] Should petitioner die prior to the entry of judgment, respondent reserves the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

B. Medicaid Lien

A lump sum payment of **$2,834.94**, representing compensation for satisfaction of the State of Florida Medicaid lien, payable jointly to petitioner and to:

> Optum
> PO Box 182643
> Columbus, OH 43218-2643
> Tax ID: 41-1858498

Petitioner agrees to endorse this payment to Optum.

## III. Summary of Recommended Payments

a. Lump sum payment to petitioner, Odette DiPietro:     $55,000.00

b. Lump sum payment payable jointly to petitioner     $ 2,834.94
and Optum in satisfaction of the State of Florida
Medicaid Lien

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

VORIS E. JOHNSON
Assistant Director
Torts Branch, Civil Division

/s/ Julia M. Collison
JULIA M. COLLISON
Assistant Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel: (202) 305-0102
Julia.collison@usdoj.gov

DATED: November 6, 2025